**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 17-00322 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JONATHAN HOPKINS | MAGISTRATE JUDGE HAYES |

**MEMORANDUM RULING**

Before the Court is a magistrate appeal, appealing Magistrate Judge Karen Hayes' ("Judge Hayes") decision in finding Defendant, Jonathan Hopkins ("Hopkins") guilty of violating Title 50, Code of Federal Regulations, Section 20.21 (hereinafter "50 C.F.R. § 20.21"), which prohibits hunting waterfowl on a baited field. After careful consideration of all parties' submissions, and the law applicable before the Court, Judge Hayes' decision is **AFFIRMED**.

**I.     BACKGROUND**

On October 29, 2016, Louisiana Department of Wildlife and Fisheries Agent James Hagan ("Agent Hagan") received a complaint from an informant known to him. The complainant reported that an individual had manipulated a rice crop with the intent to duck hunt. The complainant offered to drive Agent Hagan to the location. Agent Hagan met with the complainant and was taken to the property adjacent to the suspected baited or manipulated site.

On November 3, 2016, Agent Hagan and Agent Hattaway returned to the property that the complainant reported had been manipulated. They walked the property and took photographs of the manipulated crops. Agent Hagan discovered that the field was roughly 60 to 80 acres and contained rice that had matured. In addition, approximately three to

four acres of matured rice had been manipulated in a 360 degree circle around a duck blind on the field. While Agents Hagan and Hattaway were in the field, someone turned on a water pump and began flooding the field.

On November 9, 2016, Agents Hagan and Hattaway returned to the field where they again found mature rice stalks that had been manipulated in some manner solely in the area immediately around the duck blind. The Agents took photographs of the flooded field and areas around the duck blind from both outside and inside the blind. They also obtained a sample of the rice.

On November 19, 2016, opening day of duck season, agents, including Agents Hagan and Hattaway, made their fourth trip to the manipulated field. Hopkins' hunting party arrived at approximately 6 a.m to the field. The Agents made contact with the hunters in the blind at approximately 7:20 a.m. They conducted a compliance check and provided Hopkins with his rights per Miranda prior to informing him the field was considered baited. While Agent Hagan was preparing his equipment, Hopkins told Agent Hattaway that he was an agriculture pilot and had flown brown millet onto the field in August. He continued by stating that once the millet matured, he disked it under rather than harvesting it. Hopkins then stated that he had called Louisiana Department of Wildlife and Fisheries Agent Bear Fletcher ("Agent Fletcher") because he had been "messing with the rice" and wanted to make sure what he was doing was legal.

Hopkins then provided Agents Hagan and Hattaway with a handwritten statement in which he admits he aerially applied millet to the duck hole, then disked it in September or October. Hopkins further wrote that the blind where he was found hunting had been

disked around in September, approximately one month after he stated he aerially applied the brown millet.

Agents Hagan and Hattaway then issued Hopkins with a citation for violating 50 C.F.R. § 20.21. After issuing the citation, the Agents completed their investigation by taking photographs of the area from both inside and outside of the blind.

This matter came before Judge Hayes for bench trial on December 5, 2017. After considering testimony from two witnesses, Agent Hagan and Hopkins, and several pages of exhibits, Judge Hayes found that Hopkins was guilty of 50 C.F.R. § 20.21 and also found his testimony unreliable. In finding Hopkins' testimony unreliable, Judge Hayes' reasoned that his story changed on the use of the millet that was not included in his written statement. Hopkins was sentenced to one year of probation. As a condition of probation, Hopkins is not permitted to hunt. Hopkins was also ordered to pay a fine of $2,000.00.

Hopkins appeals Judge Hayes' decision to this Court. This Court has jurisdiction pursuant to 18 U.S.C. § 3402 and Fed. R. Crim. P. 58(g) because there has been a final verdict of conviction by the United States Magistrate Court for the Western District of Louisiana, Monroe Division.

On appeal, Hopkins argues that the Government did not offer sufficient evidence to meet its burden of proof as it relates to certain exceptions of hunting waterfowl over baited land. Specifically, Hopkins' contends that Judge Hayes erred in denying his Motion for Acquittal following the Government's case in chief and erred in finding Hopkins guilty of 50 C.F.R. § 20.21.

## II. LAW AND ANALYSIS

### A. Standard of Review.

The finding of guilt after a bench trial is reviewed to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" with the evidence and inferences drawn therefrom viewed "in the light most favorable to the prosecution." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). In so doing, the Court must "accept all credibility choices that tend to support the verdict." United States v. Stevenson, 126 F.3d 662, 664 (5th Cir. 1997).

"A [trier of fact] is free to choose among reasonable constructions of the evidence." United States v. Alaniz, 726 F.3d 586, 601 (5th Cir. 2013) (citation omitted). The evidence need not eliminate each reasonable "hypothesis of innocence" or be entirely inconsistent with all conclusions except that of guilt, as long as a rational [trier of fact] could find guilt beyond a reasonable doubt. Alaniz, 726 F.3d at 601. "In all, this Court's inquiry is limited to whether the [trier of fact's] verdict was reasonable, not whether [it] believe[s] it to be correct . . . This inquiry is highly deferential to the verdict." Alaniz, 726 F.3d at 601 (citation omitted). "[A] defendant seeking reversal on the basis of insufficient evidence swims upstream." United States v. Holmes, 406 F.3d 337, 351 (5th Cir. 2005) (citation omitted).

### B. Whether there was sufficient evidence to support Judge Hayes' denial of Hopkins' Motion for Acquittal and his conviction pursuant to 50 C.F.R. § 20.21.

The Government contends that it is well settled that "when the defendant moves for judgment of acquittal at the close of the government's case in chief, and defense evidence is thereafter presented but the defendant fails to renew the motion at the conclusion of all the evidence, he waives objection to the denial of his earlier motion."

United States v. Robles-Pantoja, 887 F.2d 1250, 1254 (5th Cir. 1989) (citation omitted). "Under those circumstances, appellate review of a claim of insufficiency of evidence will be limited to the determination of whether there was a manifest miscarriage of justice." Id. at 1254 (citations and quotations omitted). Therefore, the Government contends that because the defendant failed to renew his motion, Judge Hayes' ruling on the sufficiency of evidence may not be reviewed unless the Court determines that there was a manifest miscarriage of justice.

However, the Court rejects this contention. "When a defendant elects a bench trial, his plea of not guilty serves as a motion for acquittal, and his challenge to sufficiency of the evidence is preserved." United States v. Abbott, 265 F. App'x 307, 309 (5th Cir. 2008). Furthermore, "[c]ontrary to the Government's contention, [Hopkins'] failure to move for a judgment of acquittal under Federal Rule of Criminal Procedure 29 does not mandate application of the more onerous "manifest miscarriage of justice" standard." Id. at 309 (emphasis added). Therefore, the Court will now determine whether Judge Hayes' erred in denying Hopkins' Motion for Acquittal after the Government's case in chief and finding Hopkins guilty of violating 50 C.F.R. § 20.21.

50 C.F.R. § 20.21 reads in relevant part as follows:

Migratory birds on which open seasons are prescribed in this part may be taken by any method except those prohibited in this section. No persons shall take migratory game birds:

(i) By the aid of baiting, or on or over any baited area, where a person knows or reasonably should know that the area is or has been baited. However, nothing in this paragraph prohibits:

(1) the taking of any migratory game bird, including waterfowl, coots, and cranes, on or over the following lands or areas that are not otherwise baited areas—

> (i) Standing crops or flooded standing crops (including aquatics); standing, flooded, or manipulated natural vegetation; flooded harvested croplands; **or lands or areas where seeds or grains have been scattered solely as the result of a normal agricultural planting, harvesting, post-harvest manipulation normal soil stabilization practice** . . . .

50 C.F.R. § 20.21 (emphasis added).

It appears to the Court that Hopkins is attempting to rely on the third situation, emboldened *supra*, to reverse Judge Hayes' decision. Specifically, Hopkins contends that the Government put forth no witnesses with knowledge, training, or expertise on: normal farming operations, soil preservation techniques, zero grade farming, identification of production and/or nonproduction crop rice, the use of millet for purposes of soil preservation, or the ability of hybrid rice to regrow a head. Hopkins argues that Agent Hagan testified that he did not have knowledge or training on normal farming practices or soil preparation. Further, Hopkins contends that Agent Hagan could not identify the type of rice he alleges to have found on the Poland Farm nor could he say that the actions taken were not done in furtherance of Hopkins' normal farming operations. In other words, Hopkins' appeal requires the Court to find that the Government provided insufficient evidence to Judge Hayes, the trier of fact, to find Hopkins guilty beyond a reasonable doubt, a contention that the Fifth Circuit has noted is an uphill battle. See United States v. Holmes, 406 F.3d 337, 351 (5th Cir. 2005) ("[A] defendant seeking reversal on the basis of insufficient evidence swims upstream."). Hopkins contends that the Government must show beyond a reasonable doubt that Hopkins' situation does not fit within one of the aforementioned exceptions to hunting over a baited field.

The Court is unpersuaded by Hopkins' argument not only because the Court finds that Judge Hayes' decision was a reasonable one but because Hopkins briefing on the issue is wanting. See United States v. Alaniz, 726 F.3d 586, 601 (5th Cir. 2013) ("In all, this Court's inquiry is limited to whether the [trier of fact's] verdict was reasonable, not whether [it] believe[s] it to be correct . . . This inquiry is highly deferential to the verdict."). Judge Hayes relied on testimony elicited by Agent Hagan and Hopkins, photographic and physical evidence presented of the fields before and after they were flooded and actual rice taken from the field, and knowledge gained through her own observations and experiences in finding Hopkins hunted over a baited field. Furthermore, Hopkins' contention that the Government did not offer evidence concerning the exceptions to hunting a baited field holds no merit because Agent Hagan covered each exception in his testimony. It is true that Agent Hagan is not an agricultural expert, but Agent Hagan had over seventeen (17) years of experience as a Wildlife Agent and had received forty hours training as it related to 50 C.F.R. § 20.21 and identifying baited and manipulated fields. Judge Hayes, as the trier of fact, can give whatever weight she deems appropriate to Agent Hagan's vast experience with matters such as this. See United States v. Stevenson, 126 F.3d 662, 664 (5th Cir. 1997) (the Court must "accept all credibility choices that tend to support the verdict."). Therefore, based on the above analysis of Judge Hayes' decision, the Court finds her decision was not only reasonable but also guided by sufficient evidence presented by the Government that Hopkins' actions did not fit within an exception enumerated in 50 C.F.R. § 20.21. Accordingly, Judge Hayes did not err in denying Hopkins' Motion for Acquittal following the Government's case in chief

and finding Hopkins guilty of violating 50 C.F.R. § 20.21. Thus, Judge Hayes' decision is **AFFIRMED**.

### III. CONCLUSION

Based on the foregoing analysis, the Court holds that the Government provided the trier of fact, Judge Hayes, with sufficient evidence to show beyond a reasonable doubt that the exceptions enumerated in 50 C.F.R. § 20.21 did not apply to Hopkins' situation and her decision was reasonable based on the evidence provided. Further, Judge Hayes did not err in denying Hopkins Motion for Acquittal following the Government's case in chief and finding Hopkins guilty of violating 50 C.F.R. § 20.21. Accordingly,

**IT IS ORDERED** that Judge Hayes' decision that Hopkins was guilty of violating 50 C.F.R. § 20.21 and imposing a one year period of supervised probation and loss of hunting privileges plus a $2,000.00 fine is **AFFIRMED**.

An Order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, on this 21st day of May, 2018.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT